IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Dewayne McKenzie, ) | |
| ) | C/A No. 2:06-315-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Sherrie Baugh, Solicitor; and ) | |
| Rick Jones, Public Defender, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se*, brings this complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, filed February 28, 2006.

Based on his review of the record, the Magistrate Judge concludes that the plaintiff's action should be dismissed without prejudice and without issuance and service of process on the basis that the defendant Solicitor's actions are protected by prosecutorial immunity and that the allegations against court-appointed counsel, defendant Jones, fail to state a claim under 42 U.S.C. §1983 since he did not act under color of state law.

The plaintiff filed a letter regarding the Report on March 7, 2006 which the Court will attempt to construe as objections. In the letter, the plaintiff indicates that he agrees with "the report concerning public defender Rick Jones." Therefore, this Court will consider the claim against defendant Jones to be abandoned. Plaintiff further states that he objects to the Report concerning Solicitor Sherrie Baugh, as he contends that she "acted out of violence when she compelled me to give a DNA sample." The plaintiff additionally refers generally to violations of due process, the privilege

against self-incrimination, the right to counsel, and the search and seizure clause. However, he does not state any specific objections as to those assertions.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. <u>Mathews v. Weber</u>, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. <u>See</u> 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).

Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1] The

---

[1]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de

2

Court is mindful, however, that the plaintiff is a pro se litigant and is entitled to some deference. Therefore, out of an abundance of caution, the Court will attempt to identify those portions of the Report and Recommendation to which the plaintiff appears to object.

As to the plaintiff's "objections" pertaining to the Solicitor, the Court agrees with the Magistrate Judge that the actions of the Solicitor in requesting a DNA sample from the defendant after the plaintiff had been indicted were taken in her official capacity and were protected by absolute immunity. In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court held that state prosecutors are absolutely immune from liability under Section 1983 for actions that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." Id. at 430-31. However, in Buckley v. Fitzsimmons, 509 U.S. 259 (1993), the Court found that absolute immunity does not extend to the "prosecutor's administrative duties and those investigative functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Id. at 259. See also, Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006). Acts which are not protected by absolute immunity may be covered by qualified immunity.

In the case at bar, the plaintiff alleges in his Complaint that he was arrested on December 27, 2002 on charges of CSC with a minor and that he was indicted in February of 2003. He further alleges that in February of 2004 the Solicitor forced him to give a DNA sample. He was then allegedly indicted again on August 29, 2005 for the same offense, CSC with a minor. It therefore appears that the actions by the Solicitor were taken after the prosecution had begun and were taken as an advocate in connection

---

novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

3

with preparation for judicial proceedings.[2]  As such, the actions of the Solicitor were protected by absolute immunity.  Thus, the complaint against the Solicitor is barred as a matter of law.

The Court has reviewed the Report, pleadings, "objections", and applicable law.  The Court adopts the Report and Recommendation and incorporates it herein by reference.  Accordingly, the case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

April 30, 2007
Florence, South Carolina

---

[2] See Schmerber v. California, 384 U.S. 757 (1966) (evidence of analysis of blood taken over the defendant's objection, after his arrest, was not inadmissible on the basis that it violated the Fifth Amendment privilege against self-incrimination and taking of the blood did not violate the Fourth Amendment).  See also, Cherrix v. Braxton, 131 F.Supp.2d 756 (E.D. Va. 2000) (citing research regarding use of DNA testing to exonerate individuals accused of crimes).